IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOANN BELL,

    Defendant.

Case No. 1:16-cr-4000-JMC

## **RESTITUTION ORDER**

On February 23, 2018, the United States Probation and Pretrial Services Office ("Probation") issued a presentence report, which, in compliance with 18 U.S.C. § 3664(a), included information sufficient for this Court to exercise its discretion in fashioning this Restitution Order. On June 20, 2018, Defendant appeared before this Court for sentencing in the above-styled criminal action and related criminal action number 1:17-cr-1361-2. At the request of the parties, this Court held restitution open for a period of ninety days pursuant to the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A. On September 14, 2018, this Court held a hearing in order for the parties and Probation to provide a final determination of the victims' losses.

The United States seeks restitution under the MVRA. Section 3663A provides that "[n]otwithstanding any other provision of law, when sentencing a defendant convicted of an offense described in subsection (c), the court shall order, in addition to . . . any other penalty authorized by law, that the defendant make restitution to the victim of the offense." Subsection (c) states that § 3663A "shall apply in all sentencing proceedings for convictions of [certain enumerated crimes] in which an identifiable victim or victims has suffered a pecuniary loss." Accordingly, this Court must order a defendant to pay restitution when: (1) a defendant has been

convicted of an offense that falls within § 3663A(c); and (2) the defendant's offense has caused pecuniary losses to identifiable victims. *Id.* In this case, theft or receipt of stolen mail in violation of 18 U.S.C. § 1708 is an offense against property committed by fraud or deceit. Because Defendant plead guilty to this offense, restitution is mandatory.

Not only does the MVRA require the mandatory imposition of restitution for certain categories of crimes, it also significantly limits a sentencing court's discretion in determining the amount of restitution. *United States v. Martinez*, 610 F.3d 1216, 1230 (10th Cir. 2010). The United States must prove "the amount of the loss sustained by a victim as a result of the [defendant's] offense." 18 U.S.C. § 3664(e). A "victim" under the MVRA is "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." 18 U.S.C. § 3663A(a)(2).

Probation reported $40,170.57 has been requested from seventeen victims. Of this amount, Probation has verified a total of $510.73 from six victims. Probation notes that some of the unverified requests appear to be consequential damages not covered under the MVRA. The remainder remain unverified and the victims have not provided information to support the claims. "The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government." 18 U.S.C. § 3664(e). At the restitution hearing on September 14, 2018, Probation verified that $510.73 remains the verified amount of victim loss. Both Defendant and the United States agreed. Accordingly, this Court concludes by a preponderance of the evidence that the amount of loss sustained by the victims as a result of the offense is $510.73. Defendant shall pay restitution in the amount of $510.73 in total for both this criminal action and criminal action number 1:17-cr-1361-2. This Court does not order the inclusion of prejudgment interest. Restitution is not joint and several with other defendants or

with others not named herein. Because the restitution amount is less than $2,500, and because Defendant does not have the ability to pay interest, this Court will not require Defendant to pay interest pursuant to 18 U.S.C. § 3621(f).

A court ordering restitution must specify "the manner in which, and the schedule according to which, the restitution is to be paid." 18 U.S.C. § 3664(f)(2). Defendant shall pay restitution to the following victims as follows:

(1) J. & P.P. in the amount of $75.00;

(2) D.M. in the amount of $50.00;

(3) T.D. in the amount of $75.00;

(4) Y.S. in the amount of $70.00;

(5) J.F. in the amount of $60.00; and

(6) W.E. in the amount of $180.73.

If a restitution payment is more than thirty days late, it is delinquent, and Defendant shall pay, as a penalty, an amount equal to ten percent of the principal amount that is delinquent. 18 U.S.C. § 3612(g). If a restitution payment is delinquent for more than ninety days, it is in default, and Defendant shall pay, as a penalty, an additional amount equal to fifteen percent of the principal amount that is in default. *Id.* All penalties shall accrue, unless waived by the Government. 18 U.S.C. § 3612(h).

Pursuant to 18 U.S.C. § 3664(f)(2), in consideration of the financial resources and other assets of Defendant, including whether any of these assets are jointly controlled; projected earnings and other income of Defendant; and any financial obligations of Defendant; including obligations to dependents, Defendant is hereby ordered to pay the total amount of restitution immediately pursuant to 18 U.S.C. § 3572(d)(1).

Defendant shall make payment to the Clerk of Court. Payment is to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102. Payments must include Defendant's name, current address, case number, and type of payment.

The Clerk shall distribute restitution payments to the victims identified in this order.

Defendant shall notify the Court, Probation (during any period of probation or supervised release), and the United States Attorney's Office, of any material change in Defendant's economic circumstances that might affect Defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k). Defendant shall notify the Court, Probation (during any period of probation or supervised release), and the United States Attorney's Office, of any change in address.

Nothing in this order shall prevent the Bureau of Prisons from implementing restitution payments in accordance with its Inmate Financial Responsibility Program, ("IFRP") 18 U.S.C. § 545.10 *et seq*. up to the maximum amount permitted under the IFRP guidelines.

Furthermore, nothing in this order shall prevent the victims or the United States from pursuing immediate collection through civil remedies allowed by law in accordance with 18 U.S.C. § 3664(m).

Defendant shall apply to any restitution still owed the value of any substantial resources from any source Defendant receives during the period of incarceration, including inheritance, settlement, or other judgment in accordance with 18 U.S.C. § 3664(n).

The liability to pay restitution shall terminate the later of twenty years from the entry of judgment or twenty years after Defendant's release from prison, or upon the death of Defendant.

IT IS SO ORDERED.

Entered for the Court
this the 22nd day of October, 2018

<u>/s/ Joel M. Carson III</u>
Joel M. Carson III
United States Circuit Judge
Sitting by Designation